# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/07/2023 4:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOUIS VUITTON USA, INC., a Delaware corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BARBARA GUO, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)*  Los Angeles County Superior Court, Central District, 111 N. Hill Street, Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):*
23STCV18686

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samvel Setyan, Esq.; 750 E. Green Street, Suite 310, Pasadena, CA 91101 (213) 618.3655.

DATE: 08/07/2023      Clerk, by  E. Galicia  , Deputy
*(Fecha)*           *(Secretario)*           *(Adjunto)*

David W. Slayton, Executive Officer/Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Samvel Setyan, Esq. (SBN 325831) Setyan Law, APC<br>750 E. Green St., Ste 310, Pasadena, CA 91101<br><br>TELEPHONE NO.: 213.618.3655   FAX NO. *(Optional):* 213.460.1429<br>E-MAIL ADDRESS: s.setyan@setyanlaw.com<br>ATTORNEY FOR *(Name):* Barbara Guo | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/07/2023 4:00 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By E. Galicia, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME:
Barbara Guo v Louis Vuitton USA, Inc. et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**    [ ] **Limited**<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **23STCV18686**<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 7, 2023
Samvel Setyan, Esq.
_____
(TYPE OR PRINT NAME)
          ▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE: Guo v Louis Vuitton USA, Inc. et al. | CASE NUMBER |
|---|---|
| | 23STCV18686 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage | 1, 11 |
| | | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Guo v Louis Vuitton USA, Inc. et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Guo v Louis Vuitton USA, Inc. et al. | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Guo v Louis Vuitton USA, Inc. et al. | CASE NUMBER |
|---|---|
| | |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br><br>295 N Rodeo Dr |
|---|---|
| CITY:<br><br>Beverly Hills | STATE: CA    ZIP CODE: 90210 |

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___August 7, 2023___

*Samuel Selyn*
_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Samvel Setyan, Esq. (SBN 325831)
**SETYAN LAW, APC**
750 E. Green Street, Suite 310
Pasadena, California 91101
Telephone: (213) 618-3655
Facsimile: (213) 460-1429

Attorney for Plaintiff,
BARBARA GUO

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/07/2023 4:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| BARBARA GUO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS VUITTON USA, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.   23STCV18686<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**<br><br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>4. **FOR DECLARATORY JUDGMENT**<br><br>5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>6. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**<br><br>7. **FAILURE TO PROVIDE REST PERIODS (CAL. LABOR CODE §§226.7, 512);**<br><br>8. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**<br><br>9. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);**<br><br>10. **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ);**<br><br>11. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.); AND** |

-1-

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, **BARBARA GUO,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, BARBARA GUO, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant LOUIS VUITTON USA, INC. (hereinafter referred to as "Employers") was and is a Delaware corporation doing business at 295 N Rodeo Dr, Beverly Hills, CA 90210, in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private luxury retailer.

5.      At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6.      At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare

-2-
COMPLAINT FOR DAMAGES

Commission Order No. 7-2001, and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

8.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

11.     Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

### ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

13.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Employers are, and at all times relevant hereto were, used by one another and

DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

15.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

16.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

17.     On or about November 23, 2020, Employers hired Plaintiff to work as a Expert Client Advisor. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about November 4, 2022.

18.     Throughout Plaintiff's employment, Plaintiff was only allowed to take one 1-hour lunch breaks and never received any rest breaks.

19.     Between November 23, 2020 and November 4, 2022, Plaintiff's hourly wage rate was $27.00.  During this time period, Plaintiff's fixed schedule was five days per week, for approximately 8 hours per day. Plaintiff also received approximately $2,000 to $3,000 per month in sales commissions.

20.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

21.     Plaintiff is Chinese-American and the only Chinese-American working for Employers at their Beverly Hills retail location.

22.     Plaintiff was treated disparately than her non-Chinese American co-workers. Plaintiff was purportedly terminated on or about November 4, 2022 for directly inputting customer credit card information for phone orders, however, this was common practice amongst all of Employers' employees. No other employees were terminated for directly inputting credit card information for phone orders despite almost every other employee doing the same.

23.     Plaintiff was targeted and terminated because she is Chinese-American. Plaintiff's co-workers also routinely reminded Plaintiff that she would never be promoted because Employers only promoted "white" employees. Plaintiff's co-workers even alluded to the recent termination of African-American employees as evidence of their assertion.

24.     Defendants discriminated and retaliated against Plaintiff by terminating her employment.

25.     Plaintiff's termination was substantially motivated by Plaintiff's race, and/or engagement in protected activities.

26.     Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to Crista Allen and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and

approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

27.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

28.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

29.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

30.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

31.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26, inclusive, as though set forth in full herein.

32.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

33.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

34.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of race, disability and/or medical condition, real or perceived, and to prevent discrimination and

COMPLAINT FOR DAMAGES

harassment on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

35.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's race.

36.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

37.     Plaintiff suffered the adverse employment actions of, discrimination, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

38.     Plaintiff is informed and believes that Plaintiff's race, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

39.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

40.     The damage allegations of Paragraphs 27 through 30, inclusive, are herein incorporated by reference.

41.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

42.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

43.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26, inclusive, as though set forth in full herein.

44.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

45.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

46.     Plaintiff engaged in the protected activities of complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's race, disability, medical condition, real or perceived, and use of medical leave.

47.     Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

48.     Plaintiff is informed and believes that Plaintiff's conduct of complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

49.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

50.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

51.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

52.     The damage allegations of Paragraphs 27 through 30, inclusive, are herein incorporated by reference.

53.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

54.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION**
**IN VIOLATION OF GOV'T CODE §12940(k)**
**AGAINST ALL DEFENDANTS**

55.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26, inclusive, as though set forth in full herein.

56.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

57.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

58.     The damage allegations of Paragraphs 27 through 30, inclusive, are herein incorporated by reference.

59.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

60.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

<div align="center">

**FOURTH CAUSE OF ACTION**

**FOR DECLARATORY JUDGMENT**

**AGAINST ALL DEFENDANTS**

</div>

61.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through **Error! Reference source not found.**, inclusive, as though set forth in full herein.

62.     Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

63.     Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

64.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

65.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's race, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's race, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's race, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

66.    Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's race, perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

67.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's race, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some

combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

68.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

69.     A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

70.     Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees."  Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination and harassment.

**FIFTH CAUSE OF ACTION**

**FOR WRONGFUL TERMINATION**

**IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

**AGAINST ALL DEFENDANTS**

71.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26, inclusive, as though set forth in full herein.

72.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of race, disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.  At all times mentioned in this complaint, Article I, Section 8 of the California Constitution was in full force and effect and binding on Defendants.  This law requires Defendants to

refrain from disqualifying a person from pursuing employment on the basis of race, color, national origin, or sex.

73.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of race, and/or engagement in protected activity.

74.     Plaintiff believes and thereon alleges that Plaintiff's race, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

75.     Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of race, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

76.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

77.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, exercise of PDLL rights, or in violation of FEHA.

78.     Plaintiff is informed and believes, and based thereupon alleges, that P Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

79.     The damage allegations of Paragraphs 27 through 30, inclusive, are herein incorporated by reference.

80.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

### SIXTH CAUSE OF ACTION
### FOR FAILURE TO PAY WAGES DUE
### LABOR CODE §§201, 1182.12, 1194, 1194.2
### AGAINST ALL DEFENDANTS

81.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

82.     At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11070, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

83.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11070, and Industrial Welfare Commission Order No. 7-2001.

84.      Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

85.     Labor Code §558(a) provides that any person acting on behalf of an employer who violates, or causes to be violated, any statute or provision regulating hours and days of work in any order of the Industrial Welfare Commission pay a civil penalty in the amount of $50 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Also, Labor Code §558(a) for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

86.     In addition to the unpaid wages, Plaintiff is entitled to civil penalties in this amount stated above based upon Defendants' underpayment of minimum and overtime wages.  Within the one year immediately preceding the filing of this Complaint, Defendants, and each of them, violated Labor Code

§558 on 26 pay periods, the first of which Defendants are penalized $50.00, and the remainder of which Defendants are penalized $100.00 each, for a total due in Labor Code §558 penalties of $2,550.00.

## SEVENTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE MEAL AND REST BREAKS

## LABOR CODE §§226.7, 512

## AGAINST ALL DEFENDANTS

87.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

88.     Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

89.     In the four years last past, Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to take two uninterrupted 10-minute rest periods on each day of work.

90.     Defendants failed and refused to provide Plaintiff with rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11070 and Industrial Welfare Commission Order No. 7-2001, as follows:

       a.     From approximately November 23, 2020 to November 4, 2022, Plaintiff's statutory 10-minute rest periods on approximately 510 days (5 days per week for 102 weeks).

91.     As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11070 and Industrial Welfare Commission Order No. 7-2001. Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

       a.     From approximately November 23, 2020 to November 4, 2022, Defendants failed to provide Plaintiff with an uninterrupted statutory rest period on approximately 510 separate days.

Consequently, Plaintiff is owed one hour of pay at $27.00 for each day, or $13,770.00, plus interest thereon, for unpaid rest periods.

92.     Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $13,770.00.

93.     Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

94.     Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $13,770.00, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## EIGHTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS
## LABOR CODE §§226 ET SEQ.
## AGAINST ALL DEFENDANTS

95.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

96.     Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned. An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

97.     In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

98.     At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated.  Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

99.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

100.    This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime, meal period, and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

101.    Plaintiff was paid on a bi-weekly basis, and therefore Defendants violated Labor Code §226 approximately 26 times during the one year preceding the filing of this complaint.  Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

102.    In addition thereto, for Defendant's 26 violations, Defendants are penalized $50.00 for the first violation, and the remainder of which Defendants are penalized $100.00 each, for a total due in Labor Code §226.3 penalties of $2,550.00.

103.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

**NINTH CAUSE OF ACTION**

**FOR WAITING TIME PENALTIES**

**LABOR CODE §§201-203**

**AGAINST ALL DEFENDANTS**

104.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

105.    At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

106.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

107.    As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $4,680.00 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $4,680.00, inclusive of overtime.

108.    Based on Defendants' conduct as alleged herein, Defendants are liable for $4,680.00 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

COMPLAINT FOR DAMAGES

**TENTH CAUSE OF ACTION**

**FOR PRIVATE ATTORNEY GENERAL ACT**

**LABOR CODE §2699**

**AGAINST ALL DEFENDANTS**

109.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

110.    Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

111.    Plaintiff was an aggrieved employee within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against Plaintiff, as previously pleaded in this Complaint.

112.    On **, more than 63 calendar days before filing this Complaint, Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency and to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a). These violations included Labor Code §§ 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1182.12, 1194, 1194.2, and 1197, each of which is enumerated among the serious violations set forth in Labor Code §2699.5.

113.    As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants. Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

114.    As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

115.     Plaintiff is also entitled to reasonable attorney's fees and costs, and 25% of the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

**ELEVENTH CAUSE OF ACTION**

**FOR UNFAIR COMPETITION**

**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

**AGAINST ALL DEFENDANTS**

116.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

117.     Defendants' violations of 8 Code of Regulations §11070, Industrial Welfare Commission Order No. 7-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

118.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

119.     Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For statutory penalties or damages pursuant to Labor Code §558 in the amount of no less than $2,550.00;

3. For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $13,770.00;

4. For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

5. For statutory penalties or damages pursuant to Labor Code §226.3 in the amount of no less than $2,550.00;

6. For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $4,680.00;

7. For statutory penalties pursuant to Labor Code §2699(f), on Plaintiff's own behalf, and similar amounts on behalf of all of Defendants' aggrieved employees;

8. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

9. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

10. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

11. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

12. For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

13. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

14. For post-judgment interest; and

15. For any other relief that is just and proper.

DATED:  May 16, 2023                                SETYAN LAW, APC


By: _____
                               Samvel Setyan, Esq.
                               Attorney for Plaintiff
                               BARBARA GUO

## **JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED:  May 16, 2023                                SETYAN LAW, APC


By: _____
                               Samvel Setyan, Esq.
                               Attorney for Plaintiff
                               BARBARA GUO

COMPLAINT FOR DAMAGES

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/07/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ E. Galicia _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV18686 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Anne  Richardson | 40 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _08/08/2023_____
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By E. Galicia_____, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

<u>INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**<u>APPLICATION</u>**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**<u>PRIORITY OVER OTHER RULES</u>**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**<u>CHALLENGE TO ASSIGNED JUDGE</u>**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**<u>TIME STANDARDS</u>**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**<u>COMPLAINTS</u>**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**<u>CROSS-COMPLAINTS</u>**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**<u>STATUS CONFERENCE</u>**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**<u>FINAL STATUS CONFERENCE</u>**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**<u>SANCTIONS</u>**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**<u>Class Actions</u>**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**<u>*Provisionally Complex Cases</u>**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| # SUPERIOR COURT OF CALIFORNIA<br># COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>**Stanley Mosk Courthouse**<br>**111 North Hill Street, Los Angeles, CA 90012** | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/09/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Solis _____ Deputy |
| PLAINTIFF:<br>**Barbara Guo**<br>DEFENDANT:<br>**Louis Vuitton USA, Inc.** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**23STCV18686** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date: **12/05/2023**    Time: **8:30 AM**    Dept.: **40**

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __08/09/2023__

_____
Judicial Officer

**CERTIFICATE OF SERVICE** Anne Richardson / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in **Los Angeles**_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Samvel Setyan
750 E Green Street
Suite 310
Pasadena, CA 91101

David W. Slayton, Executive Officer / Clerk of Court

Dated: __08/09/2023__

By __A. Solis__
Deputy Clerk

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )       FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

    i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

    ii)  Bonds/Undertaking documents;

    iii) Trial and Evidentiary Hearing Exhibits

    iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

    v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1   11)  SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7       and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8       Supervising Judge and/or Presiding Judge.

9

10      DATED:  May 3, 2019                KEVIN C. BRAZILE

11                                                            Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7



# Superior Court of California, County of Los Angeles

<div style="border:1px solid #000; background:#e0e0e0;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

**Main Types of ADR**
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
        (INSERT DATE)                                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

| Print | Save |   | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

➢ _____
_____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)

Date:

➢ _____
_____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)

Date:

➢ _____
_____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)

Date:

➢ _____
_____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)

Date:

➢ _____
_____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

Date:

➢ _____
_____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

Date:

➢ _____
_____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____                _____
                                                                                    JUDICIAL OFFICER

[ Print ]        [ Save ]                                                              [ Clear ]

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )<br>)<br>)<br>)<br>)<br>) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5                                  Carolyn B. Kuhl, Supervising Judge of the

6                                  Civil Departments, Los Angeles Superior Court

-3-